Okay, each side has 10 minutes and so we're ready for the petitioner. Thank you. Good morning, your honors. May it please the court, Eno Lipkin on behalf of the petitioner. I'll reserve two minutes for rebuttal if that becomes necessary. The case is before the court following a denial by the Board of Immigration Appeals regarding petitioner's claim for asylum based on his religious beliefs as a Sikh and his political activities on behalf of the Sharmani Akali Dalman party. He contends he was harmed by the ruling parties as well as the Indian police who falsely detained him. And the issues before the court are really whether the petitioner has a well-founded fear of persecution and could he reasonably and safely relocate elsewhere in India. The petitioner contends that he maintains a well-founded fear of persecution because his family informed him that members of the ruling parties have come to his home looking for him even after he fled India and went into hiding in Delhi. And he contends it is not reasonable for him to relocate because he could be readily found should he openly resume his political activities. Let me take you since we don't have a lot of time as you know the standard of review is quite deferential. There must be evidence compelling a contrary conclusion to the BIA's. What compels the finding that Mr. Singh could not safely relocate to Delhi? His testimony indicating that he had to live in a state of hiding that he was prevented from openly advocating for the Mon party and its main goal of a separate Sikh state which the authorities and the ruling parties deem secessionist and thus he is denied his ability to openly participate in the political process in India no matter where he would be located to. Irrespective of his position in the party that was a contention of the immigration judge speculating that merely due to his low-level status as a Mon party member he would not be sought out by authorities but that is rebutted by his own credible testimony and his documentary proofs that continued support for the party would ignore the wrath of the ruling parties. Let me ask you this because we get a lot of these cases and so let's just assume hypothetically and this is hypothetical at this point because we don't have a ruling in this case and we haven't just if if we were to reverse the asylum and withholding claims we must give we must give the BIA an opportunity to rule on the immigration judges adverse credibility determination is that right? Because he was found they didn't rule on that but they could go back and there was evidence of that so that would open that up right? Yes except here the board specifically stated assuming the petition I know but if you ask I mean be careful what you ask for I'm just saying be careful what you ask for so what I'm saying if you get what you ask for doesn't doesn't it open that Pandora's box they didn't make a ruling on it so they could. They could your honor. Okay but then also too and to be careful what you ask for I is there any authority that would prevent let's say we say the government needed to put on more here because I guess they didn't put a country reports or whatever let's let's say we say yeah it's a little sketchy but but they can put if you if we give you a remand hypothetically is there any authority that would prevent the government from also presenting additional evidence of conditions for low-level man party supporters in Delhi or putting in a country report because if we say hey we think you needed to do more than you needed to do even though we don't think that mr. man not mr. man I'm sorry he said that mr. Singh that mr. Singh didn't really he didn't raise any smoke is it isn't an open remand did they get to do they get to beef up the record or are you gonna try to tie their hands on that? Your honor if the case is remanded to the board neither party can submit additional evidence other than respond to a briefing schedule but if there's instructions to remand to the immigration judge we welcome the opportunity to submit additional country condition evidence and of course the government is allowed to do the same. Okay thank you. Are there any further questions? Yeah let me ask question in your view is it up to us to decide well if we do remand whether we remand to the BIA or to the immigration judge or is that a is that a matter for the agency to decide? I think this court has the authority and jurisdiction to remand to the board and it has the authority to give instructions for the board to send the case back down to the immigration judge. All right so it's not up to us to send it directly to the immigration judge is that right? I believe you have to send it to the board first with instructions. Okay there's nothing for let me see if there no thank you don't appear to be questions now so you can reserve any additional time for your You can see the government's lawyer right? I can. Okay she's shorter than our last person so she's putting the mic down so hopefully you'll be able to hear her. I can relate to the taller lawyer comments that your honor made. But thank you your honors may it please the court. Katie Rourke on behalf of the Attorney General. Substantial evidence supports the agency's determination that the Department of Homeland Security rebutted the presumption that petitioner has a well-founded fear of future persecution under the regulatory framework governing internal relocation. The board conducted the type of individualized inquiry required by this court's precedent and properly determined that petitioner could safely relocate to Delhi as he had done so in the past. And that if you would agree that Akka Sung says that a person can't safely relocate if they're in hiding the whole time and the petitioner here testified that he was in hiding for the entire 14 months the IJ accepted that as correct. So how do we distinguish Akka Sung because you don't do that in your brief. Well while petitioner may have subjectively believed he needed to remain in hiding the record certainly does not compel that conclusion and in that sense petitioner's reliance on Akka Sung versus Barr is misplaced. Akka Sung had fled her village after she was ordered to marry the village chieftain. But isn't it the government's burden to prove the ability to relocate it's not Mr. Singh's burden. Correct I'm just merely distinguishing the facts and Akka Sung versus the facts present. Right but when you distinguish Akka Sung you actually flip the burden. Right you said anyway go ahead I know I won't interrupt. So if you have the burden and the question in in the BIA said you rebutted and then when there's enough to rebut if that but that's that then it then it comes a rebuttable presumption then I think that the BIA said the articles and the things that were in the record didn't didn't rebut that. So really we have to look at I think if we focus on did you do enough to rebut that. I do not see in this record any of the usual country report type of reports to show the safety of the target region. What First Your Honor I would point out that there's nothing in the regulations or this court's precedent that requires the Department of Homeland Security to submit its own evidence or otherwise prohibits it from relying on evidence that's already in the record and that's what the Department of Homeland Security did here in its closing argument. It pointed to aspects of petitioner's testimony that it believed rebutted the presumption of a well-founded fear. The first was petitioner's de minimis role in the man party and I think it's important to look at the facts here and the timeline of his involvement. He started supporting the man party in January 2011. He was a party worker who put up political posters and spoke at two rallies in February and August of 2011. He fled for Punjab to Delhi in December 2011 and 14 months later came to the United States. His involvement with the party has not substantially increased since coming to the United States. He testified that he attended two rallies in 2018. But you would agree under Singh v. Whitaker there's a nationwide presumption so how does the government overcome that presumption? So based on the facts that I just discussed the agency had concluded that it was unlikely for petitioner to be of interest to the police in Delhi even if he continued working or supporting the party there. But based on what specific evidence I know you're just saying the facts that he was low-level but what evidence supports? So there is country conditions evidence in the record that does support that conclusion. I couldn't find a country report in this record what where is that? There are mostly news articles submitted by. Say okay just slow down okay and so what there is there a country report in this record? Not that I'm aware of your honor I believe it was just the news articles that were submitted by petitioner but I can point to a couple of articles for that would the court could reference that show that the interest at least in for Punjabi authorities is either in high-profile activists and leaders or those who have been suspected of being involved in terrorism. So a couple articles that discuss this point. Are they in the record? They are in the record. So and they but did they put them in did you put them in the record or did they? No these are petitioners. But I I'm hearing your argument to be that the court looks at the whole record. Correct. And so you can actually you can if the petitioner puts in things that are good for you that that BIA can pull them out and. Correct your honor the immigration judge is allowed to rely on the whole record and again there's nothing that prevents them from the Department of Homeland Security in the regulation from pointing to evidence that is already in the record. All that is required is that the Department of Homeland Security show by preponderance of the evidence that the non-citizen could avoid future persecution by relocating to another part of the country. So his articles that he put in the record for the purpose of showing that people are persecuted or what you're saying is you can look at them and say well these were terrorists and he's not a terrorist so therefore it not only doesn't support what he's saying but it supports what you're saying. Correct your honor it supports the immigration judges finding that because petitioner was this low-level individual and that there was no evidence that he was labeled as a militant by Punjabi authorities that he would be unlikely to be of interest to the authorities in Delhi. But the IJ decision the BIA decision they just assume that because he's a level there'll be no interest in him I don't recall any citation to any evidence. The immigration I mean. What are you give me some record sites please for whatever you're relying on. I would say for the interest in people that are involved in terrorism there are articles at page 257 267 through 268, 311, 316 through 317, 327 through 328. But I guess you're saying they're interested in terrorists but that doesn't mean they're not interested in low-level man supporters. Do you see what I'm saying? No I the evidence that says they will not pursue a low-level man party supporter that that's really what I'm looking for not you know we can all say oh okay well a mass murder they're going to be looking for that person but where's the evidence for this specific finding. And then in terms of like people in the party that they would be more interested in there is the country to conditions evidence shows that they are interested in high-profile activists. But there's no country conditions report in this record. The news articles that were submitted is what I'm referring to. That what? Their news articles their various okay but why why didn't you put a country report in? And again the Department of Homeland Security was not required to do that and they relied on petitioners own testimony. Well I know you're not required to but then if you end up here we're gonna say did you did you show that he could safely relocate and if you're saying in country condition reports you know you run the risk if you can say well we don't have a requirement to but you do have a requirement to show that he can safely relocate and so it's. I do understand your honor that it does. There's there's a point where you can go to light. No I do understand your honor that it would perhaps be easier if the Department of Homeland Security had submitted its own evidence but again it was not required to do so and I do think the evidence in the record supports the immigration judges findings. I would like to go back to Judge Koh's point on Akasung versus Vard just to distinguish it. Again she had fled her village because she had been ordered to marry her village chieftain. The chieftain had his envoys consistently pursue her from location to location. She had been able to live with a relative in Doula. Can we talk about what the IJ did here? It seemed like the IJ relied a lot on the host family of Mr. Singh and said look they're Sikh, they're man party supporters, they're openly and notoriously traveling all throughout Delhi and there's no trouble. Well the problem is that they were not members of the man party and that basis to find thus a member of a man party will not be persecuted in Delhi was erroneous. Even the BIA acknowledged there's no evidence that these host family members were man party members. So I just I guess I'm unclear how it both meets your burden to prove safe relocation and also overcomes the nationwide presumption that there wouldn't be persecution nationwide. So I would argue that these the board did acknowledge that the political affiliation of these situated in the sense that at least the son was of the similar age group and they were of the same religion and petitioner but that's not the basis of persecution right it wasn't based on his age or the fact that he was Sikh. But petitioner was based on his man party. So his claim was based on both his religion. It was based on both. It was both. But so it would go to the Sikh part of it. Correct your honor and this wasn't the only factor that the agency relied on in reaching the conclusion that relocation. Let me ask you this. If hypothetically if we were to remand it and I asked this of your friend on the other side can the board the board didn't deal with the adverse credibility can the board deal with the adverse credibility then? Yes it could it did say that it assumed credibility but without deciding the issue. So in that instance if the court were to rescind it back the board would have the opportunity to address it in the first instance. And what if we said okay you just got a little too slim here on this record. Can it on a remand can you add to the record? Your friend on the other side said you can't at the BIA. At the BIA level no but if it were to go back to the immigration judge they could supplement the record at that point. If there are no. Okay I think. No we don't have any other questions. If there were no further questions then based on our arguments here today and in our answering brief we would respectfully ask the court to deny the petition for review. Thank you. Thank you. All right we'll go back to the petitioner. You have four minutes and ten seconds left if you want to add anything. Your Honor we rest. Thank you. Actually why do you I have some questions. Why don't you address the portion the news articles that the Government Council referenced. Do they support the government's position? No we we argue that the documents that are included for example in Exhibit 6 that start at car 299 contain numerous articles about oppositional figures that the government targeted for harm. Not all Mon party supporters but just those that are deemed oppositional that are harmed and unlawfully arrested. Well but he put in articles about terrorists that they were interested in and he clearly doesn't it gets tricky here because how do you prove a negative. He's clearly not a terrorist so showing that they're after terrorists doesn't necessarily show that they're after him and I think what your friend on the other side is saying is well the the BIA and the IG they can consider everything and that the inference from that just because he's not a terrorist it's not you know the question is are we flipping the burden here or can does that prove that they're only interested in terrorists. I don't I I don't have an answer but I'm asked I think that's what Judge Koh is getting at too. I would argue that the petitioner credibly testified he was accused of being a Khalistani. He explained that a Khalistani. Well right now he credibly testified because I didn't make a finding but that we don't know where that's going to go. To explain the question about terrorism he claimed that he was accused of being a Khalistani. He explained that being deemed a Khalistani in the viewpoint of the ruling parties or the national and thus a terrorist. So though he is not a terrorist and nothing in the record suggests that he is, he claims that if he were to relocate or remain in the Punjab and continue to openly support the Maan party he would again become the target of the ruling parties and the police to squash his what is he advocates for the creation of Khalistan, a separate Sikh state. So on that basis he would be viewed as a terrorist and he had submitted documents in Exhibit 6 to show that Sikh activists, which he was one, were harmed due to these secessionist beliefs. Alright, thank you. We don't appear to have further questions unless you want to say something else, we'll submit it. Thank you so much, nothing further. Alright, thank you both for your arguments in this matter. This case will stand submitted.
judges: TASHIMA, CALLAHAN, KOH